UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRIGNIA
NORFOLK DIVISION
CASE NO: _____

SANDRA DAWE, :
:
    Plaintiff, :
:
v. :
:
UNITED STATES OF AMERICA, :
:
    Defendant. :

## **COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIM ACT**

Plaintiff, Sandra Dawe ("Dawe"), by counsel, for her Complaint against the Defendant, United States of America, states as follows:

## **INTRODUCTION**

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence and professional malpractice in connection with medical care provided to the Plaintiff Dawe by the Department of the Navy, operating at NMC Portsmouth, in Portsmouth, Virginia.

2. The claims herein are brought against the Defendant pursuant to Federal Tort Claims Act , (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiff Dawe has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act (See *Standard Form 95 attached as Exhibit 1*).

4. This suit has been timely filed, in that Plaintiff Dawe timely served notice of her claim on both the Department of the Navy, Office of the Judge Advocate General and the United States Department of Justice less than two years after the incident forming the basis of this suit.

5. Plaintiff Dawe is now filing this Complaint pursuant to 28 U.S.C. § 2401 (b) after receiving the Department of the Navy Office of the Judge Advocate General August 5, 2024 notice of "final denial administrative claim." (*Denial Letter attached as Exhibit 2*).

## PARTIES JURISDICTION AND VENUE

6. Plaintiff Dawe is, and at all times relevant hereto was a resident of Virginia Beach, Virginia.

7. Defendant United States of America, through its agency, the Department of the Navy, operates the NMC Portsmouth located at 620 John Paul Jones Circle, Portsmouth, Virginia.

8. Defendant United States of America, including it directors, officers, operators, administrators, employees, agents, and staff at the NMC Portsmouth are hereinafter collectively referred to as "NMC Portsmouth."

9. At all times relevant to this Complaint, NMC Portsmouth held themselves out to the Plaintiff and eligible beneficiaries, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

10. At all times relative to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant, and were acting within the scope of their employment. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under *Respondeat Superior*.

11. Jurisdiction is proper under 28 U.S.C. § 1346(b)91).

12.     Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Eastern District of Virginia.

## FACTUAL ALLEGATIONS

## CAUSES OF ACTION

### COUNT I – NEGLIGENCE

19.     Plaintiff Dawe realleges and reincorporates each and every allegation as if fully set forth herein.

20.     The Defendant had a duty to provider ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the community at large, including follow up and providing adequate care and monitoring of a malfunctioning left kidney, by Timothy Powell, M.D., and others.

21.     The Defendant breached its duty of care to Ms. Dawe.

22.     At all times relative to this Complaint, the Defendant had a duty to hire competent physicians, operators, administrators, employees, agents and staff in order to meet its standards of quality of care of its patients, including Ms. Dawe.  The Defendant knew, or should have known, that the medical staff of the facility, including, but not limited to Timothy M. Powell, MD, were not properly trained, and/or supervised, in a manner necessary to provide a level of care for Ms. Dawe that met all applicable legal requirements; that demonstrated the standard and degree of care and all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise that the Defendant presented to the community at large.

23. The Defendant breached its duty by negligently hiring incompetent, inexperienced and/or unqualified operators, administrators, employees, agents and staff, and failing to properly monitor the function of the Plaintiff's left kidney.

24. The Defendant had a duty to retain only competent and adequately trained operators, administrators, employees, agents and staff in order to meet its standards of quality of care of its patients, including Ms. Dawe.

25. The Defendant breached its duty by negligently retaining incompetent, inexperienced, unqualified and/or inadequately trained operators, administrators, employees, agents and staff.

26. As a direct and proximate result of Defendant's negligence, Ms. Dawe sustained serious and permanent personal injuries in and about her body; her left kidney is nonfunctioning, and may require surgical removal in the near future, she has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering, and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and he has lost wages, and will continue to lose wages in the future.

27. The acts and/or omissions of set forth above would constitute a claim under the law of the State of Viriginia.

28. The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

### COUNT II – VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

29. Plaintiff Dawe realleges and reincorporates each and every allegation as if fully set forth herein.

30.	At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, staff were employed by and/or acting on behalf of the Defendant.

31.	At all relevant times to this Complaint, the directors, officers, operators, administrators, employees, agents and staff acted within their respective capacities and scopes of employment for the Defendant.

32.	The directors, officers, operators, administrators, employees, agents and staff negligently and/or recklessly, directly and proximately caused personal injury to Ms. Dawe, Including both acts of omission and acts of commission.

33.	As a direct and proximate result of Defendant's negligent, Ms. Dawe sustained permanent personal injuries in and about her body; she has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; she waws forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering and mental anguish in the future; she has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and she has lost wages, and will continue to lose wages in the future.

34.	The acts and/or omissions set forth above would constitute a claim under the law of the State of Virginia.

35.	The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff, Sandra Dawe, does hereby pray that judgment be entered in her favor and against the Defendant as follows:

1) Medical expenses, lost wages, pain and suffering, future impairment, loss of enjoyment of life totaling $2,000,000.00; and

2) Costs and attorneys fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

RESPECTFULLY SUBMITTED,

Sandra Dawe, Plaintiff
By her Attorney,

/s/ Mark J. Favaloro

Mark J. Favaloro, Esquire
Virginia Bar No.: 77672
Favaloro Law
295 Bendix Road, Suite 210
Virginia Beach, VA 23452
(757) 390-4370 office
(888)581-6129 facsimile
mark@markfavaloro.com

EXHIBIT 1

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: <br><br> NMC Portsmouth <br> c/o Department of the Navy | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. <br><br> Sandra Dawe, Spouse of Michael D. Dawe, CDR (Ret.) <br> Unit 0536219 - 3632 E. Stratford Road <br> Virginia Beach, VA 23455 |
|---|---|

| 3. TYPE OF EMPLOYMENT <br> ☒ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH <br> 01/12/63 | 5. MARITAL STATUS <br> M | 6. DATE AND DAY OF ACCIDENT <br> 02/04/2020 and ongoing | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Failure to diagnose and treat malfunctioning and obstructed left kidney

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

From January 28, 2020, through February 14, 2020, Ms. Dawe was seen by Timothy M. Powell, M.D., who diagnosed on February 4, 2020, a malfunctioning left kidney, suspicious of a nutcracker syndrome defect, Dr. Powell failed to treat or schedule a follow up visit to address said defect resulting in significant injury and blockage, causing pain & suffering to claimant

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| | |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY <br> $800,000.00 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). <br> $800,000.00 |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). <br> *[signature: Sandra Dawe]* | 13b. PHONE NUMBER OF PERSON SIGNING FORM <br> 757-390-4370 | 14. DATE OF SIGNATURE <br> 01/20/22 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

EXHIBIT 2



DEPARTMENT OF THE NAVY
OFFICE OF THE JUDGE ADVOCATE GENERAL
TORT CLAIMS UNIT NORFOLK
9324 VIRGINIA AVE SUITE 104
NORFOLK VA 23511-2949

5890
Ser J220292
August 5, 2024

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

MARK J FAVALORO ESQ
FAVALORO LAW
295 BENDIX RD STE 210
VIRGINIA BEACH VA 23452

Dear Mr. Favaloro:

SUBJECT:   CLAIM OF SANDRA DAWE; OUR FILE NO. J220292

This responds to your client's administrative claim in the amount of $800,000.00 for damages allegedly resulting from medical staff at Naval Medical Center Portsmouth, Virginia failing to properly treat, or schedule follow up care for Ms. Dawe's malfunctioning kidney occurring on or about February 4, 2020. Your client's claim was analyzed under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680. Our investigation has determined the United States is not liable under the FTCA for the damages claimed.

The United States is liable under the FTCA when the negligence or wrongful act of a Federal employee proximately causes injury. A review of this claim by an expert Urologist revealed that the standard of care was met. CDR Powell ordered a CT Urogram that showed possible ureteropelvic junction obstruction with a crossing vessel. He then ordered a follow up MAG3 (renal scan) which showed no high-grade obstruction. The expert opined that there was no need to intervene surgically based on the standard management of this condition given claimant was asymptomatic and had no evidence of high-grade obstruction when seen by CDR Powell. The damages alleged did not result from any negligent act or omission on the part of an employee of the United States. Accordingly, your client's claim is denied.

If you do not agree with this decision, be advised you have six months from the date of mailing of this letter to file suit in the appropriate Federal district court. Alternatively, you may within the same six-month period request reconsideration of the denial in accordance with the procedures set forth at 32 C.F.R. §750.31. If you have any questions, please me by email at TCUMedMal@us.navy.mil.

5890
Ser J220292
August 5, 2024

Sincerely,

*Kristina L. Schlieter*
KRISTINA L. SCHLIETER
Tort Claims Attorney

2